UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:17-cr-138-VMC-AAS

PRINCE GEORGE KELLY

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Prince George Kelly's pro se construed Motion for Compassionate Release (Doc. # 61), filed on March 5, 2021. The United States of America responded on March 25, 2021. (Doc. # 66). For the reasons that follow, the Motion is denied.

I. **Background**

On December 20, 2017, the Court sentenced Kelly to 70 months' imprisonment for being a felon in possession of ammunition. (Doc. ## 38, 39). Kelly is 40 years old and is projected to be released on August 2, 2022. (Doc. # 66 at 1).

In his construed Motion, Kelly seeks compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic, his high blood pressure, and his rehabilitation in prison. (Doc. #

1

61). The United States has responded (Doc. # 66), and the Motion is ripe for review.

## II.  Discussion

The United States argues that the Motion should be denied on its merits. (Doc. # 66). Assuming that Kelly has exhausted his administrative remedies, the Court agrees with the United States and denies the Motion because Kelly's circumstances are not extraordinary and compelling.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); see also United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002)(collecting cases and explaining that district courts lack the inherent authority to modify a sentence). Specifically, 18 U.S.C. § 3582(c) sets forth the limited circumstances in which a district court may reduce or otherwise modify a term of imprisonment after it has been imposed. The only portion of Section 3582(c) that potentially applies to Kelly is Section 3582(c)(1)(A)(i), which permits a court to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1).[1] Kelly bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2

---

[1] The Court is aware that it is not limited to the extraordinary and compelling reasons outlined in USSG § 1B1.13. See, e.g., United States v. Jones, 980 F.3d 1098, 1109 (6th Cir. 2020)("We now join the majority of district courts and the Second Circuit in holding that the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release. Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion."); United States v. Barsoum, No. 8:11-cr-548-VMC-CPT, 2020 WL 3402341, at *2 (M.D. Fla. June 19, 2020)("Because U.S.S.G. § 1B1.13 no longer controls, the Court has the authority to independently determine whether Barsoum's circumstances are extraordinary and compelling."). Nevertheless, the Court considers the examples of extraordinary and compelling circumstances listed in the guideline helpful to the Court's analysis of whether the circumstances presented by Kelly warrant compassionate release.

(M.D. Fla. June 7, 2019)("Heromin bears the burden of establishing that compassionate release is warranted.").

First, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons' (BOP)] statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Additionally, the Court is not convinced that Kelly's high blood pressure or balance issues "substantially diminish [his] ability . . . to provide self-care within the environment of a correctional facility" or are otherwise serious enough to warrant release. USSG § 1B1.13 comment. (n.1); (Doc. # 61 at 2). Thus, his medical conditions do not create an extraordinary and compelling reason for compassionate release. See Cannon v. United States, No. CR 11-048-CG-M, 2019 WL 5580233, at *3 (S.D. Ala. Oct. 29, 2019)("[D]espite the many medical afflictions Cannon identifies, he does not state, much less provide evidence, that his conditions/impairments prevent him from providing self-care within his correctional facility. Rather, the

4

medical records provided by Cannon show that his many conditions are being controlled with medication and there is no mention that his conditions are escalating or preventing him from being from being able to provide self-care."); United States v. Jones, No. 3:17-cr-220-MMH-JBT, 2020 WL 7229751, at *1 (M.D. Fla. Dec. 8, 2020)(denying motion for compassionate release in part because "high blood pressure is not an extraordinary condition" and the inmate had not presented "evidence that high blood pressure impairs [his] ability to care for himself"). Likewise, although the Court applauds the efforts he has made to better himself in prison, Kelly's rehabilitation does not constitute an extraordinary and compelling reason for compassionate release.

Finally, to the extent Kelly requests that the Court release him on home confinement, the Court denies his request. The Court has no authority to direct the BOP to place Kelly in home confinement because such decisions are committed solely to the BOP's discretion. See United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020)(per curiam)(explaining that district courts lack jurisdiction to grant early release to home confinement pursuant to Second Chance Act, 34 U.S.C. § 60541(g)(1)(A)). Once a court imposes a sentence, the BOP is solely responsible for determining an

5

inmate's place of incarceration to serve that sentence. See Tapia v. United States, 564 U.S. 319, 331 (2011)("A sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP."); 18 U.S.C. § 3621(b)("The [BOP] shall designate the place of the prisoner's imprisonment[.]"). Thus, any request for home confinement falls outside Section 3582(c)'s grant of authority.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Prince George Kelly's pro se construed Motion for Compassionate Release (Doc. # 61) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of April, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE